[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR ADDITUR
In this case there was a jury verdict in the amount of $1892.96 (total medical expense claimed by the plaintiff) and zero amount for non-economic damages.
The plaintiff has filed a Motion for Additur claiming that the award for zero noneconomic damage was inconsistent with the evidence in the case which awarded full economic damages. The defendant has objected to the motion based on the case of Childsv. Bainer, 235 Conn. 107. CT Page 8676
In the Childs case (supra), the plaintiff claimed medical expenses of $5129, lost earnings of $14,000 and damages for pain and suffering resulting from a shoulder injury which resolved within one week, a neck injury which healed within five months and a lower back injury resulting in a 12% permanent disability.
The defendant objected to the motion on the basis that the plaintiffs claims of injury were "hotly contested" Childs at pg. 111, (supra). The jury returned a verdict for the plaintiff in the amount of $3649 economic damages and zero non-economic damages.
The plaintiff argues that the present case is distinguishable from Childs, supra, in that the Childs jury did not award full medical expenses and awarded zero for claimed loss of earnings.
In the Childs case, supra, as in this case, the defendant "presented evidence to consider the allegations of injury, such as continuation of work, the minimal nature of the injury and lack of enduring problems". The evidence disclosed that the plaintiff did not seek any treatment for four days following the accident, he worked continuously as a security guard and saw a chiropractor, Dr. Overland, some twelve days after the accident, referred by his attorney. Dr. Overland found neck and low back injuries. The day following the first treatment by Dr. Overland, the plaintiff saw Dr. Manning upon referral by St. Joseph's Hospital, the plaintiffs employer. Dr. Manning found only a cervical strain, muscle contraction, headache and not low back injuries. The plaintiff saw Dr. Overland at total of seventeen times in November and December, 1994 and January, 1995. He saw Dr. Manning once after his initial visit who recommended that he discontinue chiropractic treatment as "his symptoms were worse after these treatments'. As stated, the plaintiff disregarded Dr. Manning's advice.
In addition, the plaintiff had a prior accident in 1990 in which he claimed back injuries and which he failed to disclose.
Under such circumstances, the jury could reasonably have found that the plaintiffs claims of injury, pain or permanency, were either non-existent or highly exaggerated.
This court cannot overrule the doctrine of the Childs case, supra, even though the jury allowed full recovery for the claimed special damages. CT Page 8677
The Motion for Additur is denied.
BELINKIE, J.R.